UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD S. HAGANS,

        Petitioner,

vs.                                 Case No. 3:20-cv-1080-BJD-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

**ORDER**

**I.  STATUS**

Petitioner Richard S. Hagans filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).  He challenges his Putnam County conviction for sale of cocaine.  Respondents filed a Response to Petition (Response) (Doc. 9) and an Appendix (Doc. 9).[1] Petitioner filed a notice (Doc. 14) stating that he has no intention of filing a reply and will rely on the record.

---

[1] The Court will refer to the exhibits in the Appendix (Doc. 9) as "Ex."  Where provided, the page numbers referenced are the Bates stamp numbers at the bottom of each page of the Exhibit.  Otherwise, the page number on the particular document will be referenced.  The Court references the docket and page numbers assigned by the electronic filing system for the Petition and Response.

The Court concludes no evidentiary proceedings are required in this Court.  The pertinent facts are fully developed in the record, or the record otherwise precludes habeas relief; therefore, the Court can adequately assess these claims without any further factual development.  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## II.  HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir.) (quoting 28 U.S.C. § 2254), cert. denied, 142 S. Ct. 599 (2021). For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In doing so, a federal district court must employ a very deferential framework.  Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), cert. denied, 141 S. Ct. 2469 (2021); Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

2

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, 142 S. Ct. 441 (2021).   The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).   "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413, 120 S. Ct. 1495.

Lee, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.   McKiver, 991 F.3d at 1364.

This is a high hurdle, not easily surmounted.   If the state court applied clearly established federal law to reasonably determined facts when

determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" Shinn v. Kayer, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).   Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1).  See Hayes v. Sec'y, Fla. Dep't of Corr., 10 F.4th 1203, 1220 (11th Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1)).   This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). [2]

---

[2] The Court finds the reasoning of Brannan persuasive on this point.  See McNamara v. Gov't Emp. Ins. Co., 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent.  See Rule 32.1, Fed. R. App. P.  The Court references other unpublished decisions in this opinion, recognizing that these decisions constitute persuasive authority, not binding precedent.

Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." <u>Dallas v. Warden</u>, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting <u>Brumfield v. Cain</u>, 576 U.S. 305, 314 (2015)), <u>cert. denied</u>, 142 S. Ct. 124 (2021).   As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.   <u>Id</u>. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." <u>Wilson v. Sellers</u>, 138 S. Ct. 1188, 1192 (2018) (Wilson).

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part <u>Strickland</u>[3] standard governs claims of ineffective assistance of counsel.   <u>Knight v. Fla. Dep't of Corr.</u>, 958 F.3d 1035, 1038 (11th Cir. 2020), <u>cert. denied</u>, 141 S. Ct. 2471 (2021).   <u>See Freeman v. Comm'r, Ala.</u>

---

[3] <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Dep't of Corr., 46 F.4th 1193, 1220 (11th Cir. 2022) ("In an ineffective assistance of counsel claim, § 22543(d)'s terms are judged by the standard set forth in Strickland v. Washington.").   Pursuant to this standard, a defendant must show: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense.   Strickland, 466 U.S. at 687.   A district court need not address both prongs if a petitioner makes an insufficient showing on one.   Fifield v. Sec'y, Dep't of Corr., 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam) (relying on Strickland), cert. denied, 142 S. Ct. 788 (2022).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'"   Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687), cert. denied, 142 S. Ct. 1234 (2022).   Additionally, combining the deferential standard for judging the performance of counsel with the extra layer of deference that § 2254 provides, the resulting double deference "is doubly difficult for a petitioner to overcome[.]" Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (2011).

6

"And to determine whether [Petitioner] is entitled to habeas relief[,]" this Court "must ask (1) whether the [state court] decisions were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined' in <u>Strickland</u>, or (2) whether the . . . decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." <u>Whatley v. Warden, Ga. Diagnostic & Classification Ctr.</u>, 927 F.3d 1150, 1175 (11th Cir. 2019) (citations and internal quotation marks omitted), <u>cert. denied</u>, 141 S. Ct. 1299 (2021). This Court must be ever mindful that a state court's decision must be given deference and latitude and therefore the AEDPA standard is, as a consequence, quite difficult to meet.

## IV.   GROUNDS

Petitioner raises three grounds: (1) "[t]rial court erred in violating Petitioner's 6th Amendment right to confront his accuser by allowing the audio [portion] of the videotape to be played in trial without the presence of the confidential informant[;]" (2) "the trial court erred in denying Petitioner's Motion for Judgement [sic] of Acquittal after the state [failed] to present evidence of the com[m]ission of sale of cocaine[;]" and (3) "[t]rial counsel was ineffective for failing to file a motion to have a separate hearing of admissibility

of the audio and video portions of the [surveillance] video[.]"   Petition at 5, 7-8.

## A.   Ground One

**"Trial court erred in violating Petitioner's 6th Amendment right to confront his accuser by allowing the audio [portion] of the videotape to be played in trial without the presence of the confidential informant."**

Petitioner exhausted ground one by raising it on appeal to the Fifth District Court of Appeal (5th DCA).   Ex. H; Ex. I; Ex. J.   On July 18, 2017, the 5th DCA affirmed per curiam.   Ex. K.   The mandate issued on August 11, 2017.   Ex. L.   He raised a comparable claim in his Rule 3.850 motion, Ex. P at 3-4.   The circuit court succinctly described the post-conviction claim: "Defendant claims that the Trial Court abused its discretion by admitting into evidence over objection, the out of Court statements of the confidential informant on the drug transaction video to prove the truth of the matter that Defendant sold crack cocaine which violated Defendant's constitutional right to confront and cross examine accuser."   Ex. T at 2.   The court found the claim of trial court error should or could have been raised on direct appeal.   Id.   On June 2, 2020, the 5th DCA affirmed per curiam.   Ex. X.   The mandate issued on June 26, 2020.   Ex. Y.

Petitioner raises a Confrontation Clause claim under the Sixth Amendment. He relies on Crawford v. Washington, 541 U.S. 36 (2004). He contends that the confidential informant's statements on the video are hearsay, Petitioner never had a prior opportunity to cross-examine the witness, and the confidential informant (CI) was unavailable to testify at trial. Petition at 5.

The Confrontation Clause provides, that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." Crawford, 541 U.S. at 42. In analyzing Crawford, the Eleventh Circuit explained:

> the Confrontation Clause prohibits the "admission of testimonial statements of a witness who [does] not appear at trial unless he [is] unavailable to testify, and the defendant ha[s] had a prior opportunity for cross-examination." Id. at 53–54, 124 S. Ct. 1354. The Supreme Court has since clarified that the Confrontation Clause prohibits *only* the introduction of testimonial hearsay statements. See Whorton v. Bockting, 549 U.S. 406, 419–20, 127 S. Ct. 1173, 167 L.Ed.2d 1 (2007) ("Under Crawford, ... the Confrontation Clause has no application to [out-of-court nontestimonial statements] and therefore permits their admission even if they lack indicia of reliability."); Davis v. Washington, 547 U.S. 813, 823–24, 126 S. Ct. 2266, 165 L.Ed.2d 224 (2006) (same).

United States v. Hano, 922 F.3d 1272, 1287 (11th Cir.), cert. denied, 140 S. Ct. 488 (2019).

As far as the term testimonial, Justice Scalia opined, "it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Crawford, 541 U.S. at 68. Respondents submit that the audio portion of the videotape is plainly nontestimonial as the videotape depicts and records the criminal act itself. Response at 21. Thus, the recording device was recording events as they happened, and the participants were not describing past events. See Davis v. Washington, 547 U.S. 813, 827-28 (2006) (explaining that the individual was not acting as a witness nor was the individual testifying, distinguishing the circumstances from those in Crawford).

The record demonstrates that the state filed a Motion in Limine to Determine Pre-Trial the Admissibility of Drug Transaction Video. Ex. B. The state noted the CI was unavailable to testify and sought the admissibility of the video and audio in its entirety. Id. at 58. The state relied on four cases: (1) Wagner v. State, 707 So. 2d 827 (Fla. 1st DCA 1998); (2) State v. Johnson, 128 So. 3d 237, 239 (Fla. 4th DCA 2013) (per curiam); (3) Bowens v. State, 80 So. 3d 1056 (Fla. 4th DCA 2012) (per curiam); and (4) State v. Holland, 76 So. 2d 1032 (Fla. 4th DCA 2011) [sic]. Ex. B at 58-59.

The court heard argument and some testimony and addressed the motion. Ex. D at 174-211. Stephanie Harris Park, defense counsel, objected,

relying on the Sixth Amendment to the United States Constitution.   Id. at 177.   She stated she was objecting to the sound being played as "what the confidential informant would say on the video would be hearsay[.]" Id.   Ms. Park argued only the CI used "drug language."   Id.   Finally, she claimed that the video does not show an exchange of money and drugs.   Id.   She urged the court to find that this was testimonial, and the Confrontation Clause applies. Id. at 206.   The court ruled, admitting the evidence subject to proper authentication.   Id. at 211.

In Johnson, the 4th DCA relied on the decision in Davis and concluded, "[t]he video does not involve a statement made after the crime to prove a past event.   Rather, the video depicts the criminal act itself.   Thus, it is not testimonial, and Crawford is not implicated."   Johnson, 128 So. 3d at 239 (citing United States v. Underwood, 446 F.3d 1340, 1347 (11th Cir. 2006) for the proposition that recorded conversations between codefendant and confidential informant concerning a drug transaction were non-testimonial).

Upon review of relevant case law, conversations during controlled drug buys are considered non-testimonial.   See United States v. Makarenkov, 401 F. App'x 442, 444 (11th Cir. 2010) (per curiam) (finding statements made to CI were not testimonial), cert. denied, 563 U.S. 991 (2011); United States v. Boykins, 380 F. App'x 930, 934 (11th Cir. 2010) (per curiam) (statements were

neither hearsay nor testimonial); <u>United States v. Tyree</u>, 273 F. App'x 830, 832 (11th Cir. 2008) (per curiam) (challenged evidence of a recording between CI and declarant regarding a drug buy determined to be non-testimonial).   <u>See also</u> <u>United States v. Van Buren</u>, No. 1:16-CR-243-ODE-JFK, 2017 WL 11551849, at *4 (N.D. Ga. Oct. 11, 2017) (finding defendant's conversations with undercover informant cannot be testimonial because defendant did not know his conversations were being recorded); <u>United States v. Hutchinson</u>, No. 8:09-cr-107-T-24-EAJ, 2010 WL 1462311, at *4 (M.D. Fla. Apr. 13, 2010) (not reported in F. Supp. 2d) (finding <u>Crawford</u> not implicated under circumstances suggesting a voluntary and knowing conversation would not happen with a government agent).

For material to be considered testimonial it needs to be the functional equivalent to testimony, like affidavits; depositions; custodial examinations; prior testimony at a formal trial, preliminary hearing or before a grand jury; and police interrogations or confessions to law enforcement and the like. <u>United States v. Underwood</u>, 446 F.3d 1340, 1346-47 (11th Cir.), <u>cert. denied</u>, 549 U.S. 903 (2006).   Here, the challenged evidence, the videotape, "does not fall within any of the formulations which <u>Crawford</u> suggested as potential candidates for 'testimonial' status." <u>Underwood</u>, 466 F.3d at 1347.   These types of conversations are intrinsically non-testimonial.  <u>Hutchinson</u>, 2010

WL 1462311, at *4.   Thus, the statements made on the audio portion of the videotape were not testimonial.   As non-testimonial statements are exempt from the strict requirements of <u>Crawford</u>, there has been no Sixth Amendment violation of the Confrontation Clause.

The 5th DCA affirmed the decision of the trial court.   The Court finds the state court's determination is consistent with federal precedent.   Although unexplained, the 5th DCA's decision is entitled to AEDPA deference. Petitioner has failed to demonstrate that the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court.   Petitioner is not entitled to habeas relief on ground one of the Petition.

## B.   Ground Two

**"[T]he trial court erred in denying Petitioner's Motion for Judgement [sic] of Acquittal after the state [failed] to present evidence of the com[m]ission of sale of cocaine."**

In this ground, Petitioner contends that the state never proved that he sold or had possession of cocaine.   Petition at 7.   He exhausted this claim by raising it on direct appeal. Ex. H; Ex. I; Ex. J.   On July 18, 2017, the 5th DCA

13

affirmed per curiam.   Ex. K.   The mandate issued on August 11, 2017.   Ex. L.

Petitioner fails to raise a claim of constitutional dimension in ground two of the Petition.   On appeal, the appeal brief was couched in terms of trial court error as well.   Ex. I at i, 14-15.   No mention is made of the United States Constitution or its parts, and Petitioner did not rely on <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979) or its progeny to contend insufficiency of the evidence in violation of the United States Constitution.   Here too, Petitioner raises a claim of trial court error, without relying on any provision of the United States Constitution.   Petition at 7.

The information charges Petitioner with sale of cocaine contrary to the provisions of Fla. Stat. § 893.13(1)(a).   Ex. A at 20.   The court conducted a non-jury trial on December 8, 2015.   Ex. D.   The trial record demonstrates that Ms. Park made a motion for judgment of acquittal asserting the evidence in the light most favorable to the state did not establish a prima facie case of sale of cocaine because no transaction was shown.   <u>Id</u>. at 290.   Ms. Park argued that the circumstantial evidence did not exclude the reasonable hypothesis that the CI could have introduced the crack cocaine himself or provided contraband himself, and the CI was not present for trial.   <u>Id</u>. at 290-91.   The state argued otherwise, asserting there was no reasonable hypothesis

14

of innocence to exclude.   Id. at 291-92.   The court denied the motion.   Id. at 293.

The 5th DCA affirmed.   Ex. K.   Petitioner has not established that the 5th DCA's decision was contrary to or an unreasonable application of federal law, nor that there was an unreasonable determination of the facts.   Thus, the Court will give deference under AEDPA to the state court's decision to the extent the claim was raised and addressed in the federal constitutional sense.

The record shows the trial court found the state proved its case beyond a reasonable doubt.   Ex. D at 313.   The court explained:

> Now, the issue of what is a reasonable doubt? Well, the jury definition is more by the negative of what it is not.   It is not a forced, speculative or imaginary doubt.
>
> What is circumstantial evidence? Circumstantial evidence is just like direct evidence, but it's a well-connected chain of events or circumstances that tend to – that would prove a fact. In this instance the fact to be proved is that the CI had no drugs, he had money when he left.   When he got back, he had no money, but he had drugs when he came back.   And it's a well-connected chain of circumstances and any other hypothesis of innocence would be forced, imaginary or speculative for me to consider.   That is not a burden shifting.   It's just I have to take a look at all the combinations here. From what I saw on the video, it's the video of a transaction.

> So I'm led to the conclusion that the state has proved their case beyond a reasonable doubt, and Mr. Hagans will be found guilty of the offense.

Id. at 312-13.

The court entered a written Verdict of Guilty (Non-jury Trial), Ex. F, followed by entry of judgment and sentence.   Ex. E.

After reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner committed the crime of sale of cocaine.   See Wilcox v. Ford, 813 F.2d 1140, 1143 (11th Cir.) (given that evidence may give some support to the defendant's theory of innocence, that is not sufficient to warrant habeas relief), cert. denied, 484 U.S. 925 (1987).   As such, the evidence at trial was sufficient to convict Petitioner of this second-degree offense and there was no denial of due process of law.

Thus, this Court will defer to this resolution as well as give AEDPA deference to the 5th DCA's decision to the extent the claim was raised and addressed in the federal constitutional sense.   The state court's rejection of the constitutional claim is entitled to deference under AEDPA.   McDaniel v. Brown, 558 U.S. 120, 132 (2010) (per curiam) (a reviewing court must not depart "from the deferential review that Jackson and § 2254(d)(1) demand").   See Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 463 (11th Cir. 2015) (recognizing that a petitioner raising a Jackson claim faces a high bar in

16

federal habeas due to the two layers of judicial deference) (citing <u>Coleman v. Johnson</u>, 566 U.S. 650, 651 (2012) (per curiam)).   Thus, ground two is denied.

### C.   Ground Three

**"Trial counsel was ineffective for failing to file a motion to have a separate hearing of admissibility of the audio and video portions of the [surveillance] video[.]"**

Petitioner exhausted ground three of the Petition by raising it in ground three of Rule 3.850 motion and on appeal to the 5th DCA.   Ex. P at 5; Ex. R; Ex. S; Ex. T; Ex. U; Ex. V; Ex. W   On June 2, 2020, the 5th DCA per curiam affirmed the decision of the trial court.   Ex. X.   The mandate issued on June 26, 2020.   Ex. Y.   Upon review, Petitioner's claim of ineffective assistance of counsel is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts.

In undertaking its review, the state court properly applied the two-pronged <u>Strickland</u> standard of review.   Ex. T at 1-2.   Therefore, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   The Court's next inquiry is whether the state court unreasonably applied that principle to the facts or premised its adjudication of the claim on an unreasonable determination of the facts.   Under the circumstances, the Court is not

convinced that there was either an unreasonable application or an
unreasonable determination of the facts.

In denying Petitioner's claim of ineffective assistance of counsel, the
circuit court held:

> Here the State cites <u>Crawford v. State</u>, 541 U.S.
> 36 (2004), where the Court held that out of court
> testimonial statements by a witness are barred under
> the confrontation clause unless the witness is
> unavailable and the defendant had a prior opportunity
> to cross examine the witness.   In so doing the Court
> set forth a two part test: 1) are the statements
> testimonial? And 2) is the witness unavailable for
> trial?
>
> All the statements captured on the video were
> made contemporaneous with the criminal activity and
> therefore are not testimonial.   The State cites <u>State v.</u>
> <u>Johnson</u>, 128 So.3d 237, 239 (Fla. 4th DCA 2013)
> where the same issue before the Court was addressed.
> The Court in <u>Johnson</u> found that it was proper to
> admit a surveillance video into evidence over defense's
> <u>Crawford</u> objection.   The Court held that the video did
> not involve a statement made after the crime to prove
> the past event.   Rather, the video depicts the criminal
> act itself.   Thus, it is not testimonial, and <u>Crawford</u>
> does not apply.
>
> In the case *sub judice*, **because the video does
> not contain testimonial statements, they do not
> run afoul of the Confrontation clause.**   Also the
> confidential informant was unavailable for trial,
> meeting the second requirement under Crawford.

Ex. T at 3 (emphasis added).

18

In denying the claim of ineffective assistance of counsel, the court found counsel performed within prevailing professional standards because the suggested motion would have been meritless.   Id.   Indeed, Petitioner's counsel cannot be deemed to have performed deficiently by failing to file a motion that would lack merit.[4]   See Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019) (defense counsel need not make meritless motions that would not have obtained relief).   The court found neither deficient performance nor prejudice under Strickland.   Ex. T at 3.

Upon review, in denying relief, the trial court found that both prongs of Strickland had not been met and the 5th DCA affirmed.   The Court finds the state court's determination is consistent with federal precedent.   Although unexplained, the 5th DCA's decision is entitled to AEDPA deference.

---

[4] Although defense counsel did not file a motion for a separate hearing on the admissibility of the audio portion of the video, she did argue that the confidential informant's statements were hearsay and should be kept out.   Ex. D at 205-206.   In his Petition, Petitioner relies on the "silent witness theory."   Petition at 8.   The "silent witness" theory of admissibility of evidence concerns the proof of foundational facts regarding the process yielding the evidence. Bryant v. State, 810 So. 2d 532, 536 (Fla. 1st DCA 2002) (citations omitted).   As such, under the "silent witness" theory, "if no witness who is available has seen what a videotape or a photograph depicts, proof of surrounding circumstances may nevertheless 'be sufficient for the court to find that the photograph is a fair and accurate representation of material fact.'" Id. (citation omitted).   Detective Davis Lazo attested to the foundational facts regarding the taping process.   Ex. D.   As there was a videotape of the transaction, it was not necessary for an officer to testify as to the actual events as they occurred.   Haslom v. Sec'y, No. 19-14072-CV-ROSENBERG, 2021 WL 4711835, at *9 (S.D. Fla. July 26, 2021), report and recommendation adopted by 2021 WL 4709801 (S.D. Fla. Oct. 8, 2021).   Indeed, in the case at bar, the trier of fact - the trial court, after considering the content of the videotape, found, "it's the video of a transaction."   Ex. D at 313.

Applying the look-through presumption set forth in <u>Wilson</u>, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   Thus, ground three of the Petition is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> and clearly established Federal law or based on an unreasonable determination of the facts.   As such, the Court finds Petitioner is not entitled to habeas relief on ground three of the Petition.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.    This action is **DISMISSED WITH PREJUDICE**.

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[5]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

      **DONE AND ORDERED** at Jacksonville, Florida, this 1st day of March, 2023.

 

                                                       _____
                                                         BRIAN J. DAVIS
                             United States District Judge

sa 2/23
c:
Richard S. Hagans
Counsel of Record